UNITED STATES DISTRICT COURT             SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KELVIN G. HENSON, § | |
| § | |
| Plaintiff, § | |
| versus § | CIVIL ACTION H-07-87 |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

# Opinion on Summary Judgment

1.  *Introduction.*

An application for Social Security disability and supplemental security income disability benefits was denied because the applicant was found able to do sedentary work. Because the decision is supported by substantial evidence, the Commissioner's motion for summary judgment will be granted.

2.  *Standard of Review.*

Judicial review is limited to determining whether the final decision is supported by substantial evidence in the record and whether the Commissioner used the proper legal standards to evaluate the evidence. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir. 1983).

Substantial evidence is the level of proof that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). If the findings of the Commissioner are supported by substantial evidence, they must be affirmed. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000).

3.  *Statutory Criteria.*

Determining disability is a two-part test.  First, the claimant must suffer from a physical or mental impairment that will likely last for at least one year.  Second, the impairment must prevent the claimant from engaging in gainful activity.   42 U.S.C. § 423(d)(1)(A) (2004).

4.  *Background.*

Henson is forty nine years old with a GED-level education. He has worked as a hydroblaster and general construction laborer.  Henson started having health problems in October 2003 and he has not sought gainful employment since. He has difficulty walking and sitting for long periods of time and says that he is depressed.

5.  *Application.*

The commissioner applies a five-step process to decide disability:

(a)  If the claimant is presently working then he is not disabled;

(b)  If the claimant does not have a "severe impairment" then he is not disabled;

(c)  If the claimant has an impairment that meets the requirements of Appendix 1 of the Regulations, disability is presumed;

(d)  If the claimant is capable of performing his past work he is not disabled; and

(e)  If the claimant's impairments prevent him from doing any other gainful activity, taking into account his age, education, work experience and capabilities, he is disabled.

20 C.F.R. § 404.1520 (a)(4)(I)-(v) (2006).   Under this practice, the claimant must prove the first four steps to establish that he has a disability.   Then, the commissioner is obliged to show that the claimant can perform other work.  *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).  If the commissioner shows that other jobs are available, the claimant may show he is unable to do those jobs.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

A.   *Employment Capabilities.*

In 2006 the administrative law judge determined that Henson can do a full range of sedentary work. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (2006). He found that Henson could not balance, stoop, kneel, crawl, or climb ramps, stairs, ropes, ladders, or scaffolds, but he could occasionally crouch. Although unable to do his prior work, a vocational technician testified that he could work as an order clerk, charge-account clerk, optician, lens-maker or frame-fitter.

B.   *Step Three.*

If a claimant can show he suffers from an impairment listed he will be presumed disabled. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.14. A claimant can show that his combined impairments equal the requirements of a listing by presenting medical evidence that his condition is equally severe as the criteria in the listing. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. §§ 404.1526(a), 416.926(a).

Henson argues that over a twelve-month period he has put forward evidence of foot drop, nerve damage, and deep vein thrombosis to equal the severity of the impairment in Listing 11.14.

In 2003, when Henson was diagnosed with deep vein thrombosis, he did not show neurological impairment. In 2004, his doctor reported no problems. Henson's position is not supported by medical evidence.

Further, Henson was effectively treated in 2003 for deep vein thrombosis. He was also successfully treated for nerve damage, and after treatment, his physical therapist said he had met all his goals. The medical evidence shows that Henson responded to prescribed treatment and so fails to meet the requirements of Listing 11.14.

C.   *Step Five.*

"Residual functional capacity" is a person's ability to work despite his physical or mental impairments and is determined by combining medical evidence with descriptions

by physicians, the claimant and others. 20 C.F.R. § 404.1528 (2004); *Hollis v. Bowen,* 837 F.2d 1378, 1386-87 (5th Cir. 1998).

The judge determined that Henson is able to do work at sedentary levels. Henson argues that he cannot, due to chronic and severe pain in his legs. The judge based his determination on medical evidence, the medical-vocational guidelines, and none of Henson's physicians' saying he was disabled.

Henson also argues that the judge failed to adequately consider his depression. Before October 2005, he did not have a history of mental-health treatment, and his mental examinations from 2005 - 2006 do not show that Henson is cognitively impaired. His treatment for depression was stopped because he was using illegal drugs, and this is enough to find him not disabled. 20 C.F.R. § 404.1530(a)-(b) (2004).

Drug abuse may be disabling, but it is a choice not a condition. Henson cannot find work because he is taking drugs, not because he is disabled. He is voluntarily impairing himself, and the taxpayers are not responsible for his support.

6.  *Conclusion.*

The Commissioner's decision is supported by substantial evidence; his motion for summary judgment will be granted.

Signed July 19, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge